## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SELMA ROADHOUSE | ) | |
| COMPANEROS, LTD. and | ) | |
| RESTAURANT LAND | ) | |
| INVESTMENT, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | CV. NO. SA-13-CV-00620-DAE |
| | ) | |
| vs. | ) | |
| | ) | |
| ROWDY LEAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER: (1) GRANTING PLAINTIFFS' MOTION TO REMAND;
### (2) DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

On August 21, 2013, the Court heard the Motion to Remand brought

by Plaintiffs Selma Roadhouse Companeros, Ltd. and Restaurant Land Investment,

Inc. (collectively, "Plaintiffs"). The Court also heard the Motion to Transfer

Venue brought by Defendants.[1] After reviewing the motions and the supporting

---

[1] Defendants are Rowdy Leal, Sigifredo Cisneros, Timothy J. Heider, Ronald Joseph, Luis Lopez, Alberto Lopez, Pedro Molina, Cary P. Yancy, Eduardo Zubia, Ruben Chavaria, Lazaro Cisneros, Eduardo Rodriguez, Arturo Gonzalez, Michael Garcia, Alicia Longstreath, John Criado, "D.J." Doyle L. Ozment, Tim M. Heider, Barry Moore, Angel Martinez, Paloma Martinez, Joe Ybanez, Cathy Phelan and Terry Phelan.

and opposing memoranda, the Court **GRANTS** Plaintiffs' Motion to Remand (doc. # 6) and **DENIES** Defendants' Motion to Transfer Venue (doc. # 5).

BACKGROUND

In February 2012, Defendants—current and former employees of Paramount Restaurants Group, Inc. and Strickland Restaurants, Inc.—filed a federal lawsuit in the United States District Court for the Northern District of Texas, No. 2:12-cv-00038-J, styled Rowdy Leal, et al. v. Paramount Restaurants Inc., et al. (hereinafter the "Amarillo Lawsuit"). (See Doc. # 1-4 at 3.) In the Amarillo Lawsuit, Defendants bring various claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., relating to an employee stock ownership plan ("ESOP"). (Id.) Although Plaintiffs are not parties to the Amarillo Lawsuit, Defendants maintain that Plaintiffs are "part of the overall operation" because the ESOP at issue "owned an interest in [Plaintiffs]." (Doc. # 7 at 3–4.)

Defendants filed two Notices of Lis Pendens,[2] which both list the Amarillo Lawsuit, against two contiguous properties owned by Plaintiffs in Bexar

---

[2] Lis pendens is "[a] notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." Black's Law Dictionary (9th ed. 2009).

County, Texas.  (Doc. # 1-6 at 12–17.)  The properties are located in the city of

Selma and are leased to a company operating a Chuy's restaurant.  (Id.)

On June 14, 2013, Plaintiffs filed suit against Defendants in the 131st

Judicial District Court of Bexar County, Texas, seeking to cancel the notices of lis

pendens.  (Doc. # 1-6 at 9.)  More specifically, Plaintiffs allege that the notices do

not comply with Texas Property Code § 12.007.  (Id. at 10.)  In the alternative,

Plaintiffs seek a declaratory judgment "stating that the Notices of Lis Pendens do

not in any way constitute a cloud on the title" to their properties.  (Id.)  The petition

also seeks attorneys' fees under Texas Civil Practice and Remedies Code § 37.009.

(Id.)

According to Plaintiffs, the case was set for expedited consideration in

state court and, in early July 2013, the district judge held a hearing where she twice

expressed an inclination to expunge the notices of lis pendens.  (Doc. # 8 at 3.)

Soon after the hearing, on July 12, 2013, Defendants removed the case to this

Court on the basis of federal question jurisdiction.  (Doc. # 1.)

On July 16, 2013, Defendants filed a motion to transfer venue, asking

the Court to transfer this case to the United States District Court for Northern

District of Texas, Amarillo Division.  (Doc. # 5.)  Two days later, Plaintiffs filed a

3

motion to remand the action to state court.  (Doc. # 6.)  The parties fully briefed

both motions.  (See Docs. ## 7–10.)

DISCUSSION

I.     Motion to Remand

    A.     Legal Standard for Removal

        "It is axiomatic that the federal courts have limited subject matter

jurisdiction and cannot entertain cases unless authorized by the Constitution and

legislation."  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  A defendant may

remove a case from state to federal court if the case could have been filed in

federal court originally.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)

(citing 28 U.S.C. § 1441(a)).  The removing party bears the burden of establishing

that federal jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th

Cir. 1995).  To determine whether jurisdiction is present for removal, the court

considers the claims in the state court petition as they existed at the time of

removal.  Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir.

1995).  A district court must remand a case if, at any time before final judgment, it

appears the court lacks subject-matter jurisdiction.  See 28 U.S.C. § 1447(c);

Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004).  Any "doubts

4

regarding whether removal jurisdiction is proper should be resolved against federal

jurisdiction."  <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

      B.     <u>Federal Question Jurisdiction</u>

      Federal courts have jurisdiction over civil actions "arising under"

federal law.  <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

the United States.").  The presence or absence of a federal question necessary to

support removal is governed by the "well-pleaded complaint rule," under which

"federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint."  <u>Caterpillar Inc.</u>, 482 U.S. at 392.  To

support removal based on federal question jurisdiction, a defendant must show that

the plaintiff has (1) alleged a federal claim, <u>Am. Well Works Co. v. Layne &</u>

<u>Bowler Co.</u>, 241 U.S. 257, 260 (1916); (2) alleged a state cause of action that

Congress has transformed into an inherently federal claim by completely

preempting the field, <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 65 (1987); or

(3) alleged a state-law claim that necessarily raises a disputed and substantial issue

of federal law that a federal court may entertain without disturbing federal/state

comity principles, <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545

U.S. 308, 314 (2005).

Here, Plaintiffs' petition seeks to cancel two notices of lis pendens pursuant to the Texas Property Code.  Thus, looking at the face of the complaint, Plaintiffs have not brought a federal claim.  Nonetheless, Defendants maintain that federal question jurisdiction exists, and thus removal was proper, because Plaintiffs' state-law claim is preempted by ERISA.  Defendants do not argue that this action presents a substantial question of federal law sufficient to support federal jurisdiction under Grable and its progeny.

A defense of federal preemption is typically insufficient to permit removal of a case to federal court.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14 1983 ("[I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.").  However, the Supreme Court has fashioned an exception to this rule through the doctrine of "complete preemption."  See Metro. Life, 481 U.S. at 63–64.  Complete preemption arises whenever Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character."  Id.

With respect to ERISA, the Supreme Court has held that the doctrine

6

of complete preemption applies to state-law claims that duplicate, supplement, or

supplant one of the remedies provided in ERISA's civil enforcement provision,

§ 502(a).  See Aetna Health Inc. v. Davila, 542 U.S. 200, 207–09 (2004).  "Section

502, by providing a civil enforcement cause of action, completely preempts any

state cause of action seeking the same relief."  Giles v. NYLCare Health Plans,

Inc., 172 F.3d 332, 337 (5th Cir. 1999).  Stated differently, "if an individual, at

some point in time, could have brought his claim under [ERISA § 502], and where

there is no other independent legal duty that is implicated by a defendant's actions,

then the individual's cause of action is completely pre-empted by [ERISA § 502]."

Davila, 542 U.S. at 210.

        In this case, Plaintiffs' state-law claim does not fall within the scope

of § 502 of ERISA.  Congress enacted ERISA to "protect . . . the interests of

participants in employee benefit plans and their beneficiaries" by setting out

substantive regulatory requirements for employee benefit plans and to "provid[e]

for appropriate remedies, sanctions, and ready access to the Federal courts."

Davila, 542 U.S. at 208 (quoting 29 U.S.C. § 1001(b)).  Section 502(a) of ERISA

provides that a "civil action may be brought . . . by a participant or beneficiary . . .

to recover benefits due to him under the terms of his plan, to enforce his rights

under the terms of the plan, or to clarify his rights to future benefits . . ."  29 U.S.C.

§ 1132(a)(1)(B).  Here, Plaintiffs are not participants in or beneficiaries of an

ERISA plan, much less seeking to recover benefits or to enforce rights in

connection with such a plan.  Plaintiffs merely seek to remove two notices of lis

pendens from the Official Public Records of Bexar County filed against their

property by Defendants.

    The Texas lis pendens statute provides litigants a way to

constructively notify anyone taking an interest in real property that a claim is being

litigated against the property.  <u>In re Collins</u>, 172 S.W.3d 287, 292 (Tex. App.

2005).  Pursuant to Texas Property Code § 12.007, a notice of lis pendens may be

filed during the pendency of an action involving (1) title to real property, (2) the

establishment of an interest in real property, or (3) the enforcement of an

encumbrance against real property.  <u>Id.</u> at 292–93 (citing Tex. Prop. Code

§ 12.007(a)).  Under Texas Property Code § 12.0071, a party may file an

application[3] to have a lis pendens expunged if "the pleading on which the notice is

---

[3]  The Court questions whether there is an independent cause of action under Texas Property Code § 12.0071, which provides: "A party to an action in connection with which a notice of lis pendens has been filed may: (1) apply to the court to expunge the notice . . .").  On the one hand, several courts have held that because a lis pendens "has no existence separate and apart from the litigation of which it gives notice," an application for its cancellation does not constitute an "independent claim."  <u>See</u> <u>Killam Ranch Props., Ltd. v. Webb Cnty.</u>, 376 S.W.3d 146, 160 (Tex. App. 2012); <u>accord</u> <u>377 Realty Partners, L.P. v. Taffarello</u>, 562 F. Supp. 2d 787 (E.D. Tex. 2006) ([T]he cancellation of a lis pendens may only be

based does not contain a real property claim" or "the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim." See In re Cohen, 340 S.W.3d 889, 892 (Tex. App. 2011) (citing Tex. Prop. Code § 12.0071).

Here, Plaintiffs claim that Defendants failed to comply with the requirements of Texas Property Code § 12.007.  In other words, Plaintiffs allege, as a matter of Texas law, that the Amarillo Lawsuit does not contain "a real property claim" sufficient to support a notice of lis pendens against their property. Thus, Plaintiffs' state-law claim does not seek relief in connection with Plaintiffs' participation in an ERISA plan.  Indeed, Plaintiffs are not even participants in the ERISA plan at issue in the Amarillo Lawsuit.  Accordingly, this action does not fall within the scope of § 502 of ERISA and is not subject to the complete preemption doctrine.

Insofar as Defendants maintain that Plaintiffs' state-law claim is preempted by ERISA because it "relates to an employee benefit plan," (doc. # 1 ¶¶ 6, 10), Defendants appear to conflate the doctrine of "complete preemption"

_____

effectuated by the court in which the lis pendens is recorded.").  On the other hand, Plaintiffs are not parties to the underlying Amarillo Lawsuit.  However, the Court need not resolve this question for the purposes of deciding Plaintiffs' Motion to Remand as to it goes to the merits of Plaintiffs' claim.

with that of "conflict preemption."  Conflict preemption "exists when a state law claim falls outside of the scope of § 502's civil enforcement provision, but still 'relates to' the plan under § 514" of ERISA.  Nixon v. Vaughn, 904 F. Supp. 2d 553, 560 (W.D. La. 2012).  Section 514 states: "[T]he provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] employee benefit plan . . ."  29 U.S.C. § 1144(a) (emphasis added).  The Fifth Circuit has held that "the presence of conflict-preemption does not establish federal question jurisdiction."  Giles, 172 F.3d at 337.  "Rather than transmogrifying a state cause of action into a federal one—as occurs with complete preemption—conflict preemption serves as a defense to a state action."  Id. Accordingly, Defendants' allegations that this action tangentially relates to the ERISA plan at issue in the Amarillo Lawsuit cannot serve as a basis for removal under the law of this circuit.

Defendants also argue that Plaintiffs are "seeking to circumvent the federal courts [sic] jurisdiction in the case pending in Amarillo." (Doc. # 1 ¶ 12.) However, even if Plaintiffs improperly filed this lawsuit, that fact would not confer subject matter jurisdiction upon this Court.  Whether Plaintiffs, as a matter of Texas law, may bring an independent cause of action to expunge lis pendens is a matter for the state court to consider upon remand.

10

Finally, Defendants contend that Plaintiffs "waived" their right to seek remand.  More specifically, they assert that "Plaintiffs have waived their right to seek remand by invoking this Court's jurisdiction in their request for this Court to exercise its jurisdiction and to cancel the notices of lis pendens."  (Doc. # 7 at 4.) This argument fails for two reasons.  First, Defendants point to no portion of Plaintiffs' Motion to Remand that requests that the Court cancel the notices of lis pendens, and the Court has not found any such statement.  Second, the Court has an independent duty to consider whether it has subject matter jurisdiction regardless of whether the matter is raised by the parties.  See EEOC v. Agro Distrib., LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider sua sponte whether jurisdiction is proper); Preston v. Tenet Healthsystem Mem'l Hosp., 485 F.3d 804, 812 n.2 (5th Cir. 2007) ("As a bedrock principle of federal jurisdiction, a court may sua sponte review whether subject matter jurisdiction exists in a case"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In sum, because Plaintiffs' state-law claim falls outside the scope of § 502 of ERISA and is not subject to the complete preemption doctrine, the Court

lacks subject matter jurisdiction over the instant case.  Accordingly, the Court GRANTS Plaintiffs' motion and REMANDS this action to state court.

II.    Attorneys' Fees

Plaintiffs request an award of attorneys' fees and costs under 28 U.S.C. § 1447(c).  Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

In Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), the Supreme Court held that a district court may award attorneys' fees under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal."  Id. at 141; accord Valdes v. Wal–Mart Stores, Inc., 199 F.3d. 290, 293 (5th Cir. 2000) ([T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper.").  This test "recognize[s] [Congress'] desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  See Martin, 546 U.S. at 140.  While a district court retains discretion to consider whether "unusual circumstances" warrant a departure from the test of objective

12

reasonableness, "its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." Id. at 141 (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

In this case, the Court finds that an award of attorneys' fees and costs is warranted. As set forth above, Plaintiffs' state-law claim does not even arguably fall within the doctrine of complete preemption because it does not seek relief in connection with an ERISA plan. Indeed, Plaintiffs are not even participants in the ERISA plan at issue in the Amarillo Lawsuit. Moreover, although Defendants argue Plaintiffs' state-law claim "relates to" an ERISA plan, well-established Fifth Circuit precedent provides that conflict preemption under § 514 cannot serve as a basis for removal. See Giles, 172 F.3d at 337. Thus, there was no "objectively reasonable" legal basis for removal. Improvident removal has delayed the disposition of this action, which had been set for expedited consideration at the state court. Because Defendants have failed to raise a colorable argument in support of removal, an award of attorneys' fees and costs is appropriate. Plaintiffs' request for costs and attorneys' fees under 28 U.S.C. § 1447(c) is, therefore, GRANTED.

III.     Motion to Transfer Venue

In light of the Court's determination that this matter should be remanded to state court, Defendants' Motion to Transfer Venue (doc. # 5) is DENIED.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Remand (doc. # 6) and **DENIES** Defendants' Motion to Transfer Venue (doc. # 5).  This matter is **REMANDED** to state court.

**IT IS ORDERED** that the Court retain jurisdiction over the matter of appropriate attorneys' fees and costs.  Within fourteen (14) days of the entry of this Order, Plaintiffs may submit a bill of costs in accordance with Local Rule CV-54 and file an application for attorneys' fees in the manner provided under Local Rule CV-7.  Because the Court finds that attorneys' fees are justified under 28 U.S.C. § 1447(c), the Court waives the requirement under Local Rule CV-7 that Plaintiffs confer with Defendants prior to submitting the application.

IT IS SO ORDERED.

DATED: San Antonio, Texas, August 22, 2013.

_____
David Alan Ezra
Senior United States District Judge

14